# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

JUSTIN RAY O'CONNOR,

        Petitioner,

vs.

STATE OF IOWA[1],

        Respondent.

No. C11-2017-LRR

ORDER

This matter is before the court following transfer from the United States District Court for the Southern District of Iowa.  Such transfer occurred on April 27, 2011.  The clerk's office filed the action in this district on May 10, 2011.  Prior to the case being transferred or on April 26, 2011, the petitioner submitted an application for a writ of habeas corpus (docket no. 1).  Additionally, the petitioner filed a supplement to such application (docket no. 1-1) on April 25, 2011, and he submitted a certificate of inmate account (docket no. 4) on May 19, 2011.

The petitioner did not pay the required $5.00 filing fee, *see* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00), and he did not submit an application to proceed in forma pauperis, *see* 28 U.S.C. § 1915 (explaining proceedings in forma pauperis). Further, it is clear from his certificate of inmate account that the petitioner is able to pay the $5.00 filing fee.  Additionally, a petitioner, before obtaining federal habeas corpus

---

[1] The petitioner brings this action against the State of Iowa, but the proper respondent in a federal habeas corpus action is "the person having custody of the person detained."  28 U.S.C. § 2243; *see also* 28 U.S.C. § 2242 (stating application shall allege the name of the person who has custody over him); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").  Thus, the petitioner improperly named the State of Iowa as the respondent.

review of his or her state confinement, must first "exhaust" his or her federal claims in the appropriate state forum. Here, the petitioner makes clear that he never filed a direct appeal after judgment entered against him on November 7, 2008 and he never sought post-conviction relief.[2] Moreover, under 28 U.S.C. § 2244(d)(1)(A), the petitioner had one year from the date on which his judgment became final to file his application for a writ of habeas corpus, but he waited until April 26, 2011 to seek habeas corpus relief, which is well beyond the one year period. Because the petitioner did not pay the filing fee, comply with the exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A) or file before the applicable statute of limitation ran, it is appropriate to dismiss the petitioner's action. To the extent he desires a certificate of appealability under 28 U.S.C. § 2253, the court concludes there are no appealable issues.

**IT IS THEREFORE ORDERED:**

The petitioner's application for a writ of habeas corpus (docket no. 1) is dismissed, and a certificate of appealability is denied.

**DATED** this 26th day of January, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).